Certification of Record

State of Mississippi
County of Warren

I, Shelly Ashley-Palmertree, Clerk of the Circuit and County Court of Warren County, Mississippi, do hereby certify that the attached papers are true and correct copy of filed in Civil Action  No. 09,0079-CI on the Civil Docket of the Circuit Court of Warren County, Mississippi, in an action styled Lisa Thompson et al VS. Remington Arms Company et al.

And I further certify that the said Circuit Court is a court of record with an official seal and that I am the Clerk of the said Circuit Court and the custodian of the records and seal of said court.

In testimony where of I have here unto set my hand and affixed the seal of said court in the city of Vicksburg, on the 24 day of July 24, 2009.

Shelly Ashley-Palmertree, Circuit Clerk

By: _____ D.C.

[Minor's Name Redacted Throughout by Defense Counsel]

EXHIBIT
"A"

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

LISA THOMPSON, AS NATURAL MOTHER
AND NEXT OF FRIEND OF    T.S.                          ,
A MINOR                                               **PLAINTIFFS**

VS.                                    CAUSE NO. _09,0079-CI_

REMINGTON ARMS COMPANY, INC.,
SPORTING GOODS PROPERTIES, INC.,
E.I. DU PONT DeNEMOURS AND COMPANY,
JOHN DOES 1 THROUGH 10                               **DEFENDANTS**

### COMPLAINT

COMES NOW, the Plaintiffs, Lisa Thompson, mother and natural guardian and next of friend of    T.S.       , a minor, and files this Complaint against the Defendants, and would show unto the Court the following, to-wit:

### I.

Plaintiffs were at all times material to this action residents of Vicksburg, Warren County, Mississippi.

### II.

At all times herein Lisa Thompson is the natural mother and next of friend of the Plaintiff T.S.   .

### III.

Made defendants herein are:

a. Defendant, Remington Arms Company, Inc., is a foreign corporation, engaged directly or indirectly in the manufacturing, marketing, distribution and sale of firearms, including, but not limited to the firearms in issue in this case and may be served through the Corporation Trust Center, 1209 Orange Street, Wilmington, De 19801;

b. Defendant, Sporting Goods Properties, Inc., (hereinafter "SGPI") is a foreign corporation, engaged directly or indirectly in manufacturing, marketing, distribution and sale of firearms,

**FILED**

JUL 1 0 2009

SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK

BY_____D.C.

including, but not limited to the firearm in issue in this case and may be served at c/o Remington Arms Company, Inc., Tony Beldon, 870 Remington Ave., P.O. Box 700, Madison, N.C. 270025-0700; and/or Corporation Trust Company Center, 1209 Orange Street, Wilmington, DE 19801.

c. Defendant, E.I. DU Pont De Nemours and Company, (hereinafter "Du Pont") is a foreign corporation, engaged directly and indirectly in manufacturing, marketing, distribution and sale of firearms, including, but not limited to the firearm in issue in this case and may be served at 1007 Market Street, D-4076 DuPont Legal, Wilmington, DE, 19898;

d. And John Does 1 through 5, any other defendants, whose names are learned during the course of discovery to have had contributing responsibility in the manufacturing, production and marketing of the firearm in question; and

e. And John Does 6 Through 10, any successor in business to any of the above or predecessor in interest to any of the above.

IV.

## JURISDICTION OF THIS COURT

This Complaint exceeds the minimum jurisdictional amount and the incident took place in Warren County, Mississippi and therefore jurisdiction and venue are proper in this matter. Furthermore, this Honorable Court has jurisdiction over the Defendants through the Mississippi Long Arm Statute.

V.

The herein above defendants are justly, legally, and jointly and severally indebted unto the Plaintiff by reason of the following to-wit:

## FACTS OF INCIDENT

VI.

On July 12, 2006,   T.S.         was injured while using a Remington 12 Gage Shotgun,

Model 11, bearing Serial No. 337980.

### VII.

On July 12, 2006,   T.S.   was cleaning his shotgun with the safety on when the subject shotgun discharged.

### VIII.

Upon information and belief, at all times pertinent herein, the firearm in question was in as-manufactured condition and had not been materially altered or modified.

### IX.

Upon information and belief,   T.S.   was attempting to clean his gun by pushing the barrel in while the shotgun had the safety on when the gun discharged a shotgun shell striking the right extremity of   T.S.   causing serious injury to his side and arm and hand.

### X.

T.S.   has permanently lost use of his right arm and hand and has suffered surgery and will suffer future additionally surgery.

### XI.

The Plaintiff did not know and had no reason to suspect the Remington Shotgun would or could discharge with the safety on under the afore mentioned circumstances.

### XII.

T.S.   has suffered pain, disability, disfigurement, loss of his right arm and hand, and emotional distress as well as substantial medical bills and other damages as a result of this incident.

### FAULT OF THE DEFENDANTS REMINGTON, SGPI, AND DUPONT

### XIII.

Defendants Remington, SGPI, DuPont (hereinafter "Remington") are liable under the Mississippi Product Liability Act for manufacturing and selling a shotgun that is defective in design,

construction, and/or warning with said defects to Plaintiffs, as described in more detail below.

### XIV.

The firearm in question was defective and unreasonably dangerous for normal or foreseeable use and handling conditions and particularly the incident facts as disclosed herein and at the trial hereof.

### XV.

Remington, SGPI, DuPont manufactured a Model 11, 12 Gage Automatic Shotgun bearing Serial No. 337980.

### XVI.

The injuries to      T.S.      were caused by the unreasonably dangerous conditions and design features of the Remington shotgun.

### XVII.

The firearm in question was defective and unreasonably dangerous for normal or foreseeable use and handling conditions.

### XVIII.

At all times pertinent herein Plaintiff's conduct was foreseeable by Defendants.

### XIX.

The Defendant, Remington Arms Company, Inc., had an interest in and played a part in allowing the shotgun to be sent to and/or remain in the market place and stream of commerce, exposing the general public, including     T.S.     , to injury or death.

### XX.

Upon information and belief, the Defendant, Sporting Goods Properties, Inc., had an interest in and played a part in allowing the shotgun to be sent to and/or remain in the market place and stream of commerce, exposing the general public, including     T.S.     , to injury or death.

## XXI.

Upon information and belief, the Defendant, DuPont, had an interest in and played a part in allowing the shotgun to be sent to and/or remain in the market place and stream of commerce, exposing the general public, including    T.S.         , to injury or death.

## XXII.

The firearm in question was designed, manufactured, constructed, fabricated, assembled, merchandised, advertised, promoted, sold and/or distributed by the Defendants, Remington, SGPI, and DuPont, individually and/or in combination herein, for use and general distribution and sale throughout the United States including and without limitation the State of Mississippi.

## XXIII.

Had    T.S.         been give notice by Remington, SGPI, DuPont of the risk of the faulty shotgun in question, he would not have accepted nor attempted to clean the shotgun at the time of the incident in question.

## XXIV.

Remington, SGPI, DuPont could have predicted and anticipated the use and accident condition (as alleged herein) with the use of reasonable care and proper safety engineering and design practices.

## XXV.

Remington, SGPI, DuPont are guilty of gross negligence and reckless disregard for safety and at fault also by having failed to adequately warn and instruct any and all potential and foreseeable persons exposed to the dangers of the firearm and the dangers in using the firearms.

## XXVI.

With the use of reasonable effort and care, Remington, SGPI, DuPont could have included in the design, production, and sale of the firearm in question, reasonably feasible and viable safety

systems or devices so as to have prevented the injuries to  T.S.

## XXVII.

At the time of the design, production and sale of the firearm in question, alternative designs and systems were reasonably feasible and available with reasonable effort that would have eliminated or greatly reduced the risk of the accident in question.

## XXVIII.

Remington, SGPI, DuPont failed to take all reasonably feasible and practical steps to reduce the chance of injury or death as suggested by the preceding paragraphs.

## XXIX.

At the time of the sale of the firearm in question, there were reasonably available safety and design concepts in existence that would have eliminated or greatly reduced the risk causing  T.S.'s   injuries if utilized in the firearm in question.

## XXX.

The magnitude of the risks presented by the firearm in question under the accident circumstances as alleged herein outweighed utility of the firearm as sold.

## XXXI.

The firearm in question was unsafe to an extent beyond which would be contemplated by an ordinary consumer.

## XXXII.

The firearm in question was sold and distributed by Defendants, Remington, SGPI, and DuPont, individually or in concert with each other.

## XXXIV.

A shotgun, in proper working order, should not fire while the safety is on under normal conditions.

XXXV.

A shotgun that discharges while the safety is on under normal conditions presents an unreasonable risk of harm.

XXXVI.

The danger of shotgun that will discharge while the safety is on outweighs the utility of the shotgun.

XXXVII.

The magnitude of the risks presented by the product in question under the incident circumstances as alleged herein, outweighed utility of the shotgun as sold.

XXXVIII.

T.S.    did not appreciate the magnitude of the risk associated with the use of the shotgun under the incident conditions as alleged herein.

XXX.

Remington, SGPI, DuPont represented that the firearm in question was safe when used properly.

XL.

Remington, SGPI, DuPont impliedly and/or expressly warranted that the shotgun in question was of merchantable quality, fit, and safe.

XLI.

The firearm in question was not of merchantable quality, fit, or safe for use, because it discharged with the safety on.

XLII.

Remington, SGPI, DuPont knew the users of their shotguns would try and clean the firearm.

XLIII.

Remington, SGPI, DuPont did not tell the users of their shotgun that it would discharge with the safety on under circumstances set forth above.

### XLIV.

Remington, SGPI, DuPont failed to appreciate the magnitude of risks of injury or death to the shotgun's users from handling the shotgun as stated above.

### XLV.

Upon information and belief Remington, SGPI, DuPont failed to properly and fully test and inspect the shotgun prior to releasing and marketing it to the public.

### XLVI.

Remington, SGPI, DuPont failed to properly analyze the design so as to determine, prior to production, distribution, and commercialization of the product, that it had hidden and unreasonable risks of discharge during foreseeable or predictable handling conditions.

### XLVII.

Remington, SGPI, DuPont did not recall the shotgun in question and place public notices and warnings concerning the shotgun to let people know that it could discharge during foreseeable or predictable handling conditions.

### XLVIII.

A shotgun does not discharge with the safety on in the absence of fault.

### XLIX.

The injury-producing characteristics of the firearm in question were at all times within the exclusive control of Remington, SGPI, DuPont.

### L.

Plaintiffs did not contribute to the injury-causing attributes of the firearm in question.

### LI.

Page 8 of 12

At the time of its manufacture, the Remington shotgun, as designed, was not reasonably safe because the likelihood that the shotgun would cause      T.S.      and the seriousness of that harm, outweighed the burden on Remington, SGPI, DuPont to design a shotgun that would have prevented the harm and any adverse effect that a practical and feasible alternative design would have on the usefulness of the shotgun that caused harm to  T.S.

LII.

That pursuant to the Mississippi Products Liability Act, Miss. Code Ann. § 11-1-63 that the Defendants Remington, SGPI, DuPont that the shotgun in question at the time it left the control of the manufacture or seller the shotgun was defective because it deviated in a material way from the manufacturers specifications or from otherwise identical units manufactured at the same manufacturing sections, specifications, or the product was defective because it failed to contain an adequate warnings or instructions, or the shotgun was designed in a defective manner, or breached a express warranty or breached to conform to other express factual representation upon which the Plaintiff justifiably relied in electing to use the product; and the defective condition rendered the condition unreasonably dangerous to the user or consumer; and the defective and unreasonably dangerous condition of the product proximately caused damages for which recovery  is sought.

LIII.

Furthermore pursuant to Miss. Code Ann. § 11-1-63, the Mississippi Product Liability Act, the shotgun's defective design was not an inherit characteristic of the product which is a generic aspect of the product for which it cannot be eliminated without substantially compromising the products usefulness or desirability which is recognized by the ordinary person or the ordinary knowledge common to the community.

LIV.

Pursuant to the Mississippi Product Liability Act, the Defendants Remington, SGPI, DuPont

knew or should have known at the time the product left the control of the manufacturer or seller about the danger that caused the damage for which recovery is sought and that the ordinary user and consumer would not realize its dangerous condition.

### LV.

Pursuant to the Mississippi Product Liability Act, the Defendants Remington, SGPI, DuPont failed to provide adequate warning in that the shotgun could discharge even with the safety on.

### LVI.

And the Defendants Remington, SGPI, DuPont are responsible for liability based on the Mississippi Product Liability Act and said statue is plead in its entirety pursuant to Miss. Code Ann. § 11-1-63, as if copied herein.

### LVII.

The unsafe condition of the firearm in question was a proximate cause of the harm and damages caused to     T.S.

### LVIII.

Remington, SGPI, and DuPont are liable to     T.S.     and his mother for the harms and losses caused by its product.

## DAMAGES CAUSED BY DEFENDANTS

### LIX.

Due to Defendants' fault in causing the injuries to     T.S.     , Plaintiffs have suffered and will suffer damages in the following, but not exclusive, particulars, to-wit:

a. Past, present and future loss of enjoyment of life;

b. Past, present and future extreme emotional distress;

c. Past, present and future extreme pain and suffering;

d. Permanent disfigurement;

e. Disability;

f. Loss of his right arm and hand;

g. Loss of income and other special damages;

h. Loss of past, present and future earning capacity;

I. Past, present and future medical bills and treatment; and

j. Any and all damages for the injuries to     T.S.       as shall be determined to have been

sustained and/or allowed by law.

## LX.

The damages resulting to Plaintiff were occasioned and proximately caused by the faulty,

defective and unreasonably dangerous conditions and vices of the firearm manufactured and

marketed by the Defendants.

## LXI.

### PUNITIVE DAMAGES

Based on the gross and wanton negligence and/or reckless disregard for the safety of others,

the Defendants Remington, SGPI, DuPont, are also responsible for punitive damages to the

Plaintiffs.

**WHEREFORE PLAINTIFFS PRAY** that a certified copy of the foregoing Complaint be

served upon the Defendants, Remington, SGPI, DuPont, and that the Defendants, Remington, SGPI,

DuPont, be duly cited to appear and answer and after the necessary legal delays, requisites,

formalities, and trial had, there be Judgment herein in favor of the Plaintiffs, Lisa Thompson, as

mother and natural guardian and next of friend`    T.S.        , a minor, and against the Defendants,

Remington, SGPI, DuPont, jointly and severally, for any and all compensatory damages as shall be

determined to be just, fair, and reasonable under the circumstances, together with legal interest from

date of judicial demand until paid, and for all costs of these proceedings, and also punitive damages.

RESPECTFULLY SUBMITTED,

**LISA THOMPSON, AS NATURAL MOTHER
AND NEXT OF FRIEND OF**   T.S.   ,
**A MINOR**

BY: _____
LEE D. THAMES, JR., MSB# 10314
DAVID M. SESSUMS, MSB# 6714

OF COUNSEL:
VARNER, PARKER & SESSUMS, P.A.
1110 Jackson Street
Post Office Box 1237
Vicksburg, Mississippi 39181-1237
Telephone: 601/638-8741
Facsimile: 601/638-8666
Email: ldt@vpslaw.com

**IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI**

LISA THOMPSON, AS NATURAL MOTHER
AND NEXT OF FRIEND OF ‾‾‾ T.S. ‾‾‾ ,                    **PLAINTIFFS**
A MINOR

                                                        CAUSE NO. *09 0074-CI*
VS.

REMINGTON ARMS COMPANY, INC.,
SPORTING GOODS PROPERTIES, INC.,
E.I. DU PONT DeNEMOURS AND COMPANY                      **DEFENDANTS**

<u>**SUMMONS**</u>

THE STATE OF MISSISSIPPI

To:    E.I. DU PONT DE NEMOURS AND COMPANY
       *By and through their registered agent:*
       1007 Market Street
       D-4076 DuPont Legal
       Wilmington, DE, 19898

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the following attorney

for the Plaintiff: Lee D. Thames, Jr., VARNER, PARKER & SESSUMS, P.A., 1110 Jackson Street Post

Office Box 1237, Vicksburg, Mississippi 39181(601) 638-8741.

Your response must be mailed or hand-delivered within thirty (30) days from the date of delivery

of this Summons and Complaint or a judgment of default will be entered against you for the money or

other things demanded in the Complaint.

You must also file the original of your response with the clerk of this court within a reasonable

time afterwards.

Issued under my hand and seal of this court this the _10_ day of July, 2009.

                      CIRCUIT CLERK OF WARREN
                      COUNTY, MISSISSIPPI

                      BY: _____

### IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

LISA THOMPSON, AS NATURAL MOTHER
AND NEXT OF FRIEND OF    T.S.                    ,
A MINOR                                          **PLAINTIFFS**

                                      CAUSE NO. *09 0079-CI*

**VS.**

REMINGTON ARMS COMPANY, INC.,
SPORTING GOODS PROPERTIES, INC.,
E.I. DU PONT DeNEMOURS AND COMPANY,
JOHN DOES 1 THROUGH 10                           **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

To:    REMINGTON ARMS COMPANY, INC.
       *By and through its registered agent:*
       Corporation Trust Center
       1209 Orange Street
       Wilimington, DE 19801

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the following attorney for
the Plaintiff: Lee D. Thames, Jr., VARNER, PARKER & SESSUMS, P.A., 1110 Jackson Street  Post
Office Box 1237, Vicksburg, Mississippi  39181(601) 638-8741.

Your response must be mailed or hand-delivered within thirty (30) days from the date of delivery
of this Summons and Complaint or a judgment of default will be entered against you for the money or
other things demanded in the Complaint.

You must also file the original of your response with the clerk of this court within a reasonable
time afterwards.

Issued under my hand and seal of this court this the *10* day of July, 2009.

                              CIRCUIT CLERK OF WARREN
                              COUNTY, MISSISSIPPI

                              BY: _____ D.C.

### IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

LISA THOMPSON, AS NATURAL MOTHER
AND NEXT OF FRIEND OF     T.S.                    ,          PLAINTIFFS
A MINOR

VS.                                                 CAUSE NO. *09,0079-CL*

REMINGTON ARMS COMPANY, INC.,
SPORTING GOODS PROPERTIES, INC.,
E.I. DU PONT DeNEMOURS AND COMPANY,
JOHN DOES 1 THROUGH 10                          DEFENDANTS

#### SUMMONS

THE STATE OF MISSISSIPPI

To:   SPORTING GOODS PROPERTIES, INC.
      *By and through its registered agent:*
      Remington Arms Company, Inc.
      Tony Beldon
      P.O. Box 700
      Madison, NC 270025-0700

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the following attorney for the Plaintiff: Lee D. Thames, Jr., VARNER, PARKER & SESSUMS, P.A., 1110 Jackson Street  Post Office Box 1237, Vicksburg, Mississippi 39181(601) 638-8741.

Your response must be mailed or hand-delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment of default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the clerk of this court within a reasonable time afterwards.

Issued under my hand and seal of this court this the *10* day of July, 2009.

CIRCUIT CLERK OF WARREN
COUNTY, MISSISSIPPI

BY: _____ D.C.

### IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

**LISA THOMPSON, AS NATURAL MOTHER
AND NEXT OF FRIEND OF** T.S.                           ,                   **PLAINTIFFS**
**A MINOR**

                                                                    CAUSE NO. _09 0079 CL_
**VS.**

**REMINGTON ARMS COMPANY, INC.,
SPORTING GOODS PROPERTIES, INC.,
E.I. DU PONT DeNEMOURS AND COMPANY,**                              **DEFENDANTS**
**JOHN DOES 1 THROUGH 10**

<u>**SUMMONS**</u>

THE STATE OF MISSISSIPPI

To:     SPORTING GOODS PROPERTIES, INC.
        *By and through its registered agent:*
        Corporation Trust Company
        1209 Orange Street
        Wilimington, DE 19801

#### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the following attorney for

the Plaintiff: Lee D. Thames, Jr., VARNER, PARKER & SESSUMS, P.A., 1110 Jackson Street  Post

Office Box 1237, Vicksburg, Mississippi  39181(601) 638-8741.

Your response must be mailed or hand-delivered within thirty (30) days from the date of delivery

of this Summons and Complaint or a judgment of default will be entered against you for the money or

other things demanded in the Complaint.

You must also file the original of your response with the clerk of this court within a reasonable

time afterwards.

Issued under my hand and seal of this court this the _10_ day of July, 2009.

                                        CIRCUIT CLERK OF WARREN
                                        COUNTY, MISSISSIPPI

                                        BY: _Dan Smealle_

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 5/11/2000)

| Court Identification Docket Number | Case Year | Docket Number |
|---|---|---|
| 2 5 9 0 0 | 2 0 0 9 | 9 0 0 9 |

County # Judicial District  Court ID (CH, CI, CO)

Local Docket ID

| Month | Date | Year |
|---|---|---|
| 0 7 | 0 0 | 0 9 |

This area to be completed by Clerk

Case Number if filed prior to 1/1/94

In the **Circuit** Court of **Warren** County

Short Style of Case: Lisa Thompson as natural mother & next of kin of T.S. a minor v. Remington Arms

Party Filing Initial Pleading: Type/Print Name: Lee B. Thames, Jr.

Check __ if Not an Attorney    Check (✓) if Pro Hac Vice Signature ___  Bar No. 7019

Compensatory Damages Sought: ___   Punitive Damages Sought: ___

Is Child Support contemplated as an issue in this suit?  ___Yes  ___No  If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

**PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM**

Individual _____ Last Name ___ First Name ___ Maiden Name, if Applicable ___ Middle Ini. Jasmony

Address of Plaintiff ___

_Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___
_Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency ___
Business
_Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ___  Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

**DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM**

Individual ___ Last Name ___ First Name ___ Maiden Name, if Applicable ___ Middle Ini. Jr/Sr/IIV
_Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___
_Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency ___
Business
_Check (✓) if Business Defendant is filing suit in the name of an entity other than the above, and enter below:
D/B/A ___  Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

ATTORNEY FOR THIS DEFENDANT: ___ Bar No. Or Name: ___ Pro Hac Vice (✓) ___
(if known)

In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.

## Business/Commercial
- Accounting (Business)
- Bankruptcy
- Business Dissolution - Corporation
- Business Dissolution - Partnership
- Debt Collection
- Employment
- Examination of Debtor
- Execution
- Foreign Judgment
- Garnishment
- Pension
- Receivership
- Replevin
- Stockholder Suit

## Domestic Relations
- Child Custody/Visitation
- Child Support
- Contempt
- Divorce: Fault
- Divorce: Irreconcilable Differences
- Domestic Abuse
- Emancipation
- Modification
- Paternity
- Property Division
- Separate Maintenance
- Termination of Parental Rights
- UIFSA (formerly URESA)
- Other

## Contract
- Breach of Contract
- Installment Contract
- Insurance
- Product Liability under Contract
- Specific Performance
- Other

## Probate
- Accounting (Probate)
- Birth Certificate Correction
- Commitment
- Conservatorship
- Guardianship
- Heirship
- Intestate Estate
- Minor's Settlement
- Muniment of Title
- Name Change
- Power of Attorney
- Testate Estate
- Will Contest
- Other

## Statutes/Rules
- Bond Validation
- Civil Forfeiture
- Declaratory Judgment
- ERISA
- Eminent Domain
- Extraordinary Writ
- Federal Statutes
- Injunction or Restraining Order
- Municipal Annexation
- Racketeering (RICO)
- Railroad
- Seaman
- Other

## Appeals
- Administrative Agency
- County Court
- Hardship Petition (Driver License)
- Justice Court
- MS Employmt Security Comm'n
- Municipal Court
- Oil & Gas Board
- Workers' Compensation
- Other

## Children and Minors - Non-Domestic
- Adoption - Noncontested
- Consent to Abortion for Minor
- Removal of Minority

## Torts-Personal Injury
- Bad Faith
- Fraud
- Loss of Consortium
- Malpractica - Legal
- Malpractice - Medical
- Negligence - General
- Negligence - Motor Vehicle
- ☑ Products Liability
- Wrongful Death
- Other

## Mass Tort
- Asbestos
- Chemical Spill
- Dioxin
- Hand/Arm Vibration
- Hearing Loss
- Radioactive Materials
- Other

## Real Property
- Adverse Possession
- Ejectment
- Eminent Domain
- Judicial Foreclosure
- Lien Assertion
- Partition
- Receiver Appointment
- Tax Sale: Confirmation/Cancellation
- Title, Boundary &/or Easement
- Other

## Civil Rights
- Elections
- Habeas Corpus
- Post Conviction Relief
- Prisoner
- Other

REC BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Warren County

LISA THOMPSON AS NATURAL MOTHER ET AL VS REMINGTON ARMS CO C

Case I, 09,0073 CI          Asst II          Paid by CHECK          Receipt No.  0420

|  |  |
|---|---|
| CLERK FEE | 80.00 |
| JUDGE | 1.00 |
| NEW CASE | 2.00 |
| NEW CASE | 10.00 |
| COURT REPORTER | 2.50 |
| LAW LIBRARY | .50 |
| COURT CONSTITUENT | 2.00 |
| STATE COURT ED | 10.00 |
| COMPR COURT FUND | 5.00 |
| CIVIL ASSIST FUND | |

Total          $120.00

Payment received from David M. Sessums

Transaction  32748 Received  7/10/2009 at 12:25 Drawer   1 I.C. DEAN

Account Balance Due          0.00          Receipt Amount     $120

By _Dean Searls_  D.C.   Shelly Ashley Palmertree, Circuit C

Case II 09,0073 CI          Asst II          Paid by CHECK          Receipt No.  04

09,0079-CP

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Lisa Eachus_   ☐ Agent
                  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
_Lisa Eachus_   7/16/09

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

JUL
16
2009

1. Article Addressed to:

E.I. DuPont DeNeMours
Company
1007 Market St.
D-4076 DuPont Legal
Wilmington, DE 19898

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

2. Article Number
(Transfer from service label)   7007 1490 0003 3698 6403

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# FILED

JUL 2 2 2009

SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK

BY_____D.C.

09, 0079-CF

# FILED

JUL 2 2 2009

SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK

BY_____D.C.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _SDReav_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>_R. D. Reaves_   7-15-09<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br>Sporting Goods Properties, Inc.<br>Remington Arms Company,<br>Inc.<br>Tim Beldon<br>P.O. Box 700<br>Madison, NC 27025-0700 | |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☒ Yes |
| 2. Article Number<br>(Transfer from service label)  7007 1490 0003 3698 6410 | |
| PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-154 | |